ROTH, Circuit Judge,
concurring.
I agree with the majority holding rejecting the Bankruptcy Clause as a source of abrogation power postSeminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and consequently declaring 11 U.S.C. § 106(a) unconstitutional. I write separately, however, to express my concern about the breadth of the language used by the majority in reaching this holding.
The Supreme Court in Seminole Tribe, rejected both the Indian Commerce Clause and, by overruling Pennsylvania v. Union Gas Co., 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), the Interstate Commerce Clause as sources of abrogation power. 517 U.S. at 62-63, 71-73, 116 S.Ct. at 1127, 1131. The majority in the instant case, concludes that “there is simply no principled basis to distinguish the Bankruptcy Clause from other Article I clauses.” Majority Op. at 243. I would not go so far as to discuss the merits of Article I powers other than the ones at issue in Seminole Tribe and the instant case: the Interstate Commerce Clauses, and the Bankruptcy Clause, respectively. I would hold that there is simply no principled basis to distinguish the Bankruptcy Clause from the Interstate Commerce Clause. In both words and scope, the Bankruptcy Clause is identical to the Indian Commerce Clause. Both clauses read as follows: “The Congress shall have Power [t]o____” Furthermore, nothing in the history or text of the Bankruptcy Clause indicates any more an “alter[ation of the] pre-existing balance between state and federal power,” Seminole Tribe, 517 U.S. at 66, 116 S.Ct. at 1128, than the Indian Commerce Clause.
In short, I would not foreclose the possibility that in the post-Seminole Tribe era, there exist any Article I powers sufficiently powerful to abrogate state sovereign immunity. See, e.g., Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609, 616 (1st Cir.1996) (reaffirming that Congress, acting pursuant to its War Powers, see U.S. Const, art. I, § 8, abrogated state sovereign immunity to damages actions brought under the Veterans’ Reemployment Rights Act, 38 U.S.C. § 2021 et seq.). As the First Circuit reasoned, it is not clear that the Court’s holding in Seminole Tribe was so broad as to strike down all sources of abrogation power in Article I. 90 F.3d at 616. I would deal with potential sources of abrogation power in Article I, as they arise on a ease-by-case basis.